IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM ROGER CRAWFORD,

    Petitioner,                  No. CIV-S-03-1149 LKK KJM P

  vs.

BEN CURRY[1], et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

                           /

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted of first degree murder in 1984 and sentenced to twenty-five-years-to-life in the California Department of Corrections and Rehabilitation (CDCR). Am. Answer, Ex. A. Petitioner challenges the execution of his sentence.

I. Habeas Corpus Standard

        An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Additionally, federal habeas corpus relief is not available

---

[1] Ben Curry is hereby substituted for Thomas Carey as a respondent. See Supplemental Traverse at 1:14-16; Fed. R. Civ. P. 25(d)(1).

1

for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA); see Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[2]  Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2003) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)).  It is the habeas petitioner's burden to show that he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

---

[2] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2003).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an "independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 2000).

II. Procedural History

Petitioner was denied parole on November 19, 1998. Answer, Ex. B. Petitioner challenged the denial at all three levels of California's courts, raising the same arguments presented in this action. Pet. at 2. All of petitioner's challenges were rejected. Id. No court issued a reasoned decision concerning petitioner's claims.

III. Arguments And Analysis

Petitioner asserts that he has been kept in prison longer than the amount of time authorized by petitioner's sentence, in violation of his procedural and substantive due process rights and contrary to his liberty interest in parole. Pet. at 4. Petitioner claims that at a parole hearing the Board of Prison Terms changed his sentence of twenty-five-years-to-life imprisonment to life imprisonment and that he has been denied good conduct sentence credit. Id. However, petitioner fails to point to any law or facts demonstrating that either assertion is true. Petitioner seems to suggest that, under California law, there is a maximum amount of time he can serve in prison short of life. This is not the case. The language of petitioner's sentence is "25 years to life." Am. Answer, Ex. A. In other words, petitioner's sentence is indeterminate and the California Board of Prison has the authority to determine when petitioner will be released. Cal. Penal Code §§ 1168(b) & 3040. While petitioner has a due process right to be considered for parole under California's parole statutes, he does not have an absolute right to be released as he suggests. Cal. Penal Code § 3040 et seq.; McQuillion v. Duncan, 306 F.3d 895, 901-02 (9th Cir. 2002) (confirming authority of Parole Board to grant release).

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2 shall be served and filed within ten days after service of the objections.  The parties are advised
3 that failure to file objections within the specified time may waive the right to appeal the District
4 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 DATED:  August 24, 2007.

_____
U.S. MAGISTRATE JUDGE

1
craw1149.157